UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.                                                                                    DECISION AND ORDER
                                                                                       04-CR-6180

DONALD ANSON,
                Defendant.
_____

## INTRODUCTION

The above captioned case is before the Court on Defendant's motions, ECF No. 219 and ECF No. 220, to dismiss counts 4 through 40, 42 and 43 of the subject indictment, all relating to the possession of child pornography, of which he was convicted after a jury trial. For the reasons stated below, both applications are denied.

## BACKGROUND

This matter was remanded twice by the Second Circuit Court of Appeals. In *United States v. Anson*, 304 Fed. Appx. 1 (2d Cir. 2008) ("*Anson I*"), the matter was remanded "only for the reconsideration or explanation of the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography." This Court reconsidered and explained its reasons for again determining that a consecutive sentence was warranted in a proceeding held on May 13, 2009. However, in *United States v. Anson*, 429 Fed. Appx. 61 (2d Cir. 2011 ("*Anson II*"), the Second Circuit again remanded for re-sentencing because Anson's Sixth Amendment right to counsel had been inadvertently violated.

In remanding the second time, the Circuit Court observed that there were issues Anson raised *pro se* on appeal that he could have raised before the district court, at the first re-sentencing hearing, had he been given the opportunity to do so, including addressing the holding of *United States v. Polouizzi*, 564 F. 3d 142 (2d Cir. 2009). *Anson II,* 429 Fed. Appx.at 64. The Second Circuit also referenced its decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). *Id*. Moreover, in *Anson II*, the Second Circuit specifically remanded "for further proceedings consistent with this order." *Id.*

Consistent with *Anson II,* this Court has accepted, prior to re-sentencing, two motions from Anson *pro se.*[1] Both motions were docketed on April 27, 2012, ECF No. 219 and ECF No. 220. While Anson characterizes these applications as motions to dismiss, essentially what he seeks are judgments of acquittal on counts 4 through 40 and counts 42 and 43, all charges of possession of child pornography in violation of 18 U.S.C.§ 2252A(a)(5)(B), on all of which he was found guilty after a jury trial. In the first, ECF No. 219, Anson requests that the Court:

> follow the new controlling law, that the Second Circuit established, after the defendant's first appeal but prior to his first re-sentencing and prior to the upcoming sentencing hearing, which states that the simultaneous possession of multiple matters containing images of child pornography constitutes a single violation and that entering multiple convictions was "plain error," and in accordance with new law dismiss counts 4-40, 42, 43, each of which charged the defendant with the possession of separate matters on the same date and at the same location as being multiplicious . . . .

---

[1] In a proceeding held on April 30, 2012, ECF No. 222, this Court determined that Anson knowingly, intelligently, and voluntarily elected to represent himself at re-sentencing, but, pursuant to his request, appointed him "stand-by" counsel to assist him with legal research and presentation of argument if needed.

In the second, ECF No. 220, Anson asks that:

> this Court recognize the 'plain error' that resulted from the mistaken interpretation of the word "any", which 18 *U.S.C*. § 2252A(a)(5)(B) uses to define the unit of prosecution that resulted in the defendant being charged with multiple (counts 4-43) violations of that statute when the 'rule of lenity' dictates that only one count should have been charged. [sic]
>
> Therefore the defendant asks this Court to dismiss counts 4-43 for the simultaneous possession of matters of images of child pornography, as being multiplicitous . . . .[sic]

## DISCUSSION

As he did in *Anson* I, in the subject applications, Anson again maintains that Counts 4 through 40, 42 and 43, each charging a count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), are multiplicious and violate the Double Jeopardy Clause. He further maintains that these multiple counts of possession of child pornography run afoul of the rule of lenity, since the use of the word "any" in 18 U.S.C. § 2252A(a)(5)(B) renders the statute ambiguous as to unit of prosecution The Court disagrees.

It is, of course, well settled that :

> "An indictment is multiplicious when it charges a single offense ... multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999) (citations omitted). Multiplicity is a question of law that we review *de novo. Id.* at 146. To determine whether separate counts charge the same offense more than once, we apply the test set out by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "Under *Blockburger*, we determine 'whether there are two offenses or only one [by] whether each provision requires proof of a fact which the other does not.'" *United States v. Gore*, 154 F.3d 34, 44, quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180.

*United States v. Finley,* 245 F.3d 199, 205 (2d Cir. 2001). It is equally clear that the rule of lenity requires that, when there is any doubt as to what Congress intended as to a unit

of prosecution with respect to a criminal statute, such ambiguity dictates that only one offense may be charged. *Bell v. United States*, 349 U.S. 81, 83 (1955).

Anson relies on *United States v. Polouizzi, supra,* in support of his arguments as to multiplicity and lenity, but the Court finds his reliance misplaced. In *Polouizzi*, the Second Circuit addressed a claim that an indictment was multiplicious where the defendant was charged with possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), which proscribes the knowing possession of "1 or more" materials containing child pornography. Polouizzi was charged with with 11 counts of possession of child pornography pursuant to 18 U.S.C. § 2252(a)(4)(B) for each computer file that contained a visual depiction of a minor engaging in sexually explicit conduct. The Second Circuit rejected the government's argument that each file that contained a prohibited image represented a separate unit of prosecution; the Court held that the language "1 or more" of 18 U.S.C. § 2252(a)(4)(B) indicates "that a person commits one violation of the statute by possessing more than one matter containing a visual depiction of child pornography." *Id*. at 155. Therefore, "the plain language of the statute provides that a person who possesses 1 or more matters containing a prohibited image has violated the statute only once." *Id*. The Circuit also observed in *Polouizzi* that the use of the word "any" has "'typically been found ambiguous in connection with the allowable unit of prosecution' for it contemplates the plural rather than the singular." *Polouizzi*, 564 F.3d at 155 (citation omitted).

Here, though, as the Government correctly points out Anson was charged under 18 U.S.C. § 2252A(a)(5)(B), not 18 U.S.C. § 2252(a)(4)(B). A person violates 18 U.S.C. § 2252A(a)(5)(B) when he or she possesses "any" material that contains an image of child

pornography. In this case, Anson possessed 39 CD-ROMs, each containing at least one image of child pornography, as well as a computer that contained at least one image of child pornography. Consequently, the Court concludes that, since §18 U.S.C. § 2252A(a)(5)(B) prohibits the possession of "any child pornography," each pornographic image possessed could constitute a separate "unit" of prosecution, and that by enumerating the various "storage" devices, the statute avoids the ambiguity generally associated with the word "any." *See Anson I*, 304 Fed.Appx. at, 3-4. Therefore, the Counts 4 through 40 and Counts 42 and 43 are not multiplicious and do not violate either the rule of lenity or the Double Jeopardy clause of the Constitution.

## CONCLUSION

Accordingly, Anson's motions, ECF No. 219 and ECF No. 220, to dismiss Counts 4 through 40 and Counts 42 and 43 are denied in their entirety.

IT IS SO ORDERED.

DATED: July 12, 2012
Rochester, New York

ENTER.

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge