UNITED STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                 DECISION AND ORDER
                                          04-CR-6180 CJS
vs.

DONALD ANSON,

                    Defendant.
_____

## INTRODUCTION

**Siragusa, J.** The matter is before the Court on yet another "pre re-sentencing" motion on the part of Defendant Donald Anson proceeding *pro se*. In his latest application, ECF No. 249, Anson moves "to reverse or vacate convictions on counts 1-40, 42, and 43, based upon the admission of certain items (39 CD-RWs and 1 hard-drive) into evidence without a proper foundation in violation of the Federal Rules of Evidence, Rule 901." ECF No. 249 at 1. Also, before the Court is a November 11, 2013, letter application by Anson, which the Court has had docketed, ECF No. 250, in which Anson requests that his re-sentencing, scheduled for December 20, 2013, be adjourned until he attempts another interlocutory appeal, ECF No. 247, this time of the Court's October 8, 2013, Decision and Order, ECF No. 246, and that he be sentenced *in absentia*. Additionally, in his correspondence, Anson suggests that a new pre-sentence report is necessary in light of the United States Supreme Court's decision in *Alleyne v. United States*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2151 (2013) since "none of the sentencing factors which increased [his] sentence nearly eight fold where [*sic*] 'found' by the jury." ECF No. 250 at 1.  For the

reasons stated below, Anson's application to reverse or vacate his convictions is denied. His application to adjourn re-sentencing is granted in part and denied in part. In that regard, the Court will adjourn re-sentencing one more time. However, the Court will not adjourn the matter until Anson's latest interlocutory appeal is resolved. His application to be sentenced *in absentia* is denied. Likewise, his apparent application for a new pre-sentence report based upon *Alleyne* is denied, although the Court directs the United States Probation Department to provide a supplement relating to any post-sentencing rehabilitation on Anson's part.

**DISCUSSION**

The procedural background of this case was set forth in the Court's October 8, 2013 Decision and Order ("Decision"), ECF No. 246, familiarity with which is presumed. In that Decision at page 7, the Court indicated, "Anson has until November 21, 2013, to file any submissions with respect to re-sentencing." As indicated above, Anson responded with his motion to reverse or vacate his convictions based upon evidentiary rulings made at trial. Any such objections to the Court's evidentiary rulings could have and should have been raised by Anson on direct appeal, and the Court will not revisit them now. In any event, the Court fails to see their relevance to the re-sentencing phase of this proceeding.

As to Anson's application in his November 11, 2013, correspondence for what would amount to be an indefinite adjournment of his re-sentencing until the Second Circuit rules on his latest interlocutory appeal, the Court finds that it has no merit. The Second Circuit previously dismissed, ECF No. 240, an earlier interlocutory appeal by Anson stating:

> Appellant, *pro se*, moves for leave to proceed in forma pauperis and for the Court to take judicial notice of several decisions of other Circuits. However,

this Court has determined sua sponte that it lacks jurisdiction over this appeal because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291. See *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 467 (1978); *United States v. Aliotta*, 199 F.3d 78, 83 (2d Cir. 1999) (finding that district court's denial of motion to dismiss the indictment on double jeopardy grounds after the defendant had pled guilty, but before he had been sentenced, was not immediately appealable). Upon due consideration, it is hereby

ORDERED that the appeal is DISMISSED. It is further ORDERED that Appellant's motions are DENIED as moot.

However, because of the date of this Decision and Order, the Court will adjourn Anson's re-sentencing one more time until Friday, January 24, 2014, at 11:00 am.

The Court now turns to Anson's request that he be sentenced *in absentia*. The application is denied. (At this point, the reader is reminded that Anson has elected, which is his right, to represent himself at his re-sentencing and has refused stand-by counsel.) Federal Rule of Criminal Procedure 32 in pertinent part requires:

(i) Sentencing.

(1) In General. At sentencing, the court:

**(A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;**

(B) must give to the defendant and an attorney for the government a written summary of–or summarize in camera--any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;

(C) must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and

**(D) may, for good cause, allow a party to make a new objection at any time before sentence is imposed.**

(2) Introducing Evidence; Producing a Statement. The court may permit the

parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

(3) Court Determinations. At sentencing, the court:

(A) may accept any undisputed portion of the presentence report as a finding of fact;

(B) must–for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

(C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

(4) Opportunity to Speak.

(A) By a Party. Before imposing sentence, the court must:

(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii) **address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence**;

Federal Rules of Criminal Procedure, Rule 32, (emphasis added).

Finally, Anson's reliance on the Supreme Court's holding in *Alleyne* is misplaced. The mandatory minimums for Counts 1, 2, and 3, as well as the maximums for those counts, and the maximums for Counts 4-40, and Counts 42 and 43 did not change as a result of any sentencing factors found by the Court. However, since Anson's original sentence the United States Supreme Court has determined that

> when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

4

*Pepper v. United States*, ––– U.S. ––––, 131 S. Ct. 1229, 1241 (2011). Therefore, the United States Probation Office is directed to provide a supplement detailing any such post sentencing rehabilitation.

**CONCLUSION**

Accordingly, Anson's application to reverse or vacate his convictions, ECF No. 249, is denied. His application to adjourn his re-sentencing until his pending interlocutory appeal is resolved, ECF No. 250, is denied, although the Court will reschedule re-sentencing to Friday, January 24, 2014 at 11:00 a.m. His application to be sentenced *in absentia,* ECF No. 250, is denied. Lastly, application for a new pre-sentence report based upon *Alleyne,* ECF No. 250, is denied, although the Court directs the United States Probation Office to provide a supplement to the Court, the Government, and Anson by December 31, 2013, detailing any such post sentencing rehabilitation.

DATED:   December 12, 2013
         Rochester, New York

                                            /s/ Charles J. Siragusa
                                            CHARLES J. SIRAGUSA
                                            United States District Judge